IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 10, 2024 Session

## SHELBY COUNTY v. DELINQUENT TAXPAYERS 2018 (BLIGHT AUTHORITY OF MEMPHIS)

**Appeal from the Chancery Court for Shelby County**
**No. PARCEL 02701100000130   Melanie Taylor Jefferson, Chancellor**

———————————————————

**No. W2023-00446-COA-R3-CV**

———————————————————

In this appeal, the trial court granted a motion to rescind a tax sale with respect to a particular parcel.  We vacate the trial court's order and remand for the trial court to enter an order containing sufficient findings of fact and conclusions of law reflecting the basis for its decision.  To the extent that a constitutional challenge is raised, the trial court should also determine on remand whether notice must be provided to the Tennessee Attorney General pursuant to Tennessee Rule of Civil Procedure 24.04.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Marcus D. Ward, Memphis, Tennessee, for the appellant, Blight Authority of Memphis.

Gregory S. Gallagher, Memphis, Tennessee, for the appellee, Shelby County, Tennessee.

## MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I.  FACTS & PROCEDURAL HISTORY

This appeal arises from a delinquent tax sale.  The original complaint for collection of delinquent taxes was filed by Shelby County in March 2020.[2]  On June 29, 2022, the chancery court entered a decree confirming the sale of a parcel at 1059 North Dunlap.  On September 7, 2022, the Shelby County Delinquent Tax Attorney filed a motion to rescind the tax sale of this parcel.  The motion simply stated that "since the sale of this parcel, attorney for the Plaintiffs/Movants [Shelby County] has determined that a error occurred and that this parcel should not have been sold."  Thus, Shelby County asked the court to rescind the sale, divest title out of the buyer, Steve Lockwood, and vest title back in the name of the original owner.

On February 23, 2023, the chancery court entered an order rescinding the tax sale of the subject parcel.  The order states, in pertinent part:

> Upon the statement of counsel for the Plaintiffs/Movants advising that the Blight Authority of Memphis (BAM), a statutory land bank, through its counsel Marcus D. Ward, did provide notice prior to this Tax Sale that BAM intended to acquire this parcel by a preemptive bid pursuant to Tennessee Code Annotated 13-30-110(f)(1) & (2).  Said notice was provided by a letter from Marcus D. Ward dated March 21, 2022, to the Shelby County Chancery Court Clerk and Master.  Further, through additional statements from counsel for the Plaintiffs/Movants it appeared to the Court that even though there was

---

[2] The original complaint was styled: "SHELBY COUNTY, in its own behalf and for the use and benefit of THE STATE OF TENNESSEE and, if applicable, the INCORPORATED MUNICIPALITIES OF ARLINGTON, BARTLETT, COLLIERVILLE, GERMANTOWN, LAKELAND, MEMPHIS and MILLINGTON, TENNESSEE v. DELINQUENT TAXPAYERS as shown on the 2018 Real Property Tax Records of the Shelby County Trustee."  A fourth amended complaint in the record is to the same effect.  However, other documents in the record contain a different style in which the names of the State and County are switched as follows: "THE STATE OF TENNESSEE, in its own behalf and for the use and benefit of SHELBY COUNTY and, if applicable, the INCORPORATED MUNICIPALITIES OF ARLINGTON, BARTLETT, COLLIERVILLE, GERMANTOWN, LAKELAND, MEMPHIS and MILLINGTON, TENNESSEE."  We will utilize the style listed on the complaint, as it states that it was filed pursuant to Tennessee Code Annotated section 67-5-2405, which provides:

> (a) The attorney shall after February 1, and not later than April 1, file suits in the circuit or chancery court of the county for the collection of delinquent land taxes due the state, county and municipality, as well as the interest, penalties, and costs attached to and a part of such taxes, which taxes, interest, penalties, and costs are declared a lien upon the land; and, for the enforcement of this lien, *suits shall be brought in the name of the county, in its own behalf and for the use and benefit of the state*, municipality or other tax entity that has certified a delinquent tax list, or in the name of any such tax entity that has certified a delinquent tax list, in its own behalf and for its own use and benefit.

Tenn. Code Ann. § 67-5-2405(a) (emphasis added).

- 2 -

an additional bid for an amount in excess of the minimum bid, BAM was the winning bidder and purchased this parcel for the minimum bid of [] ($3,078). The Court determined that as a result of the preemptive bid that the owner(s) of this parcel were deprived of the fair market value of the parcel.

In its argument to the Court the Plaintiffs/Movants contended that the preemptive bid process used by BAM to successfully bid on this parcel was unlawful and unconstitutional. The Plaintiffs/Movants relied on the recent case decided and filed in the Sixth Circuit Court of Appeals, Twanda Hall, Curtis Lee, Coretha lee and Kristina Goven vs. Andrew E. Meisner, Oakland County Treasurer et al, No. 2:20-cv-12230 that the "preemptive bid" procedure used by BAM to obtain this parcel in Tax Sale 1804 was unlawful and unconstitutional.

IT SATISFACTORILY APPEARING TO THE COURT that the Office of the Shelby County Trustee is ordered to refund to the Registry of the Office of the Shelby County Clerk and Master the taxes heretofore dispersed by the Clerk and Master for this parcel . . . .

. . .

IT IS THEREFORE ORDER[E]D, ADJUDGED, AND DECREED:
1.       That the sale of parcel 04800200000030 (legal description in "Exhibit A") confirmed in an order of the Court on June 29, 2022, should be set aside and title to this parcel is hereby divested from Steve Lockwood/BAM and vested back in the names of Perry C. Little the owner at Tax Sale.

Blight Authority of Memphis timely filed a notice of appeal.

## II.    Issues Presented[3]

Blight Authority of Memphis presents the following issues, which we have slightly restated, for review:

1.       Whether the motion to rescind the tax sale was properly before the Court pursuant to Tennessee Code Annotated section 67-5-2504, or in the alternative Rule 60.02 of the Tennessee Rules of Civil Procedure;
2.       Whether Defendant was properly noticed of the motion to rescind the tax sale and subsequent notice of hearing pursuant to Tennessee Code Annotated section 67-5-2504(i) and/or Rule 5.01 of the Tennessee Rules of Civil Procedure;
3.       Whether the chancery court made sufficient findings of fact and conclusions of law

---

[3] Shelby County suggests that the notice of appeal in this case was untimely. In order to be timely, a notice of appeal must "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). However, "[t]he last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days." Tenn. R. App. P. 21(a). Due to a weekend, the notice of appeal filed on Monday, March 27, 2023, was timely.

as mandated by Tennessee Rule of Civil Procedure 52.01; and

4. Whether the chancery court was the correct tribunal for Plaintiff to submit its constitutional challenge to Tennessee Code Annotated section 13-30-110(f)(1) & (2) pursuant to Rule 54 of the Tennessee Rules of Civil Procedure.

For the following reasons, we vacate the order of the chancery court and remand for further proceedings.

### III.  DISCUSSION

The chancery court's order found that "as a result of the preemptive bid that the owner(s) of this parcel were deprived of the fair market value of the parcel." It also noted Shelby County's *argument* that the preemptive bid process was "unlawful and unconstitutional," citing a recent case from the Sixth Circuit. Beyond that, however, the chancery court gave no explanation for its decision to rescind the tax sale. As it is, we are left to wonder about the basis for the chancery court's decision.

Tennessee Rule of Civil Procedure 52.01 provides that "[i]n all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." "There is no bright-line test by which to assess the sufficiency of factual findings, but the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue." *Lovlace v. Copley*, 418 S.W.3d 1, 35 (Tenn. 2013) (quotation omitted). Otherwise, appellate courts are "left to wonder" about the basis for the trial court's decision. *In re Houston D.*, 660 S.W.3d 704, 721 (Tenn. Ct. App. 2022). This Court has declined to speculate as to a trial court's rationale when we cannot discern the basis for the trial court's decision. *See, e.g., Lugo v. Lugo*, No. W2020-00312-COA-R3-CV, 2021 WL 507889, at *4-5 (Tenn. Ct. App. Feb. 10, 2021). We have explained:

> 'It is this Court's purview to review, not assume or speculate. Without any facts in the trial court's order, we are forced to guess at the rational[e] the trial court used in arriving at its decision. This we cannot do. Accordingly, we conclude that the trial court did not comply with Tennessee Rule of Civil Procedure 52.01.'

*Id.* at *5 (quoting *Harthun v. Edens*, No. W2015-00647-COA-R3-CV, 2016 WL 1056960, at *5 (Tenn. Ct. App. Mar. 17, 2016)). "Generally, the appropriate remedy when a trial court fails to make appropriate findings of fact and conclusions of law pursuant to Rule 52.01 is to 'vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law.'" *Manning v. Manning*, 474 S.W.3d 252, 260 (Tenn. Ct. App. 2015) (quoting *Lake v. Haynes*, No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at *1 (Tenn. Ct. App. June 9, 2011)).

In this case, we recognize that Rule 52.01 does not apply, as the chancery court was resolving a "motion" to rescind the tax sale. Rule 52.01 provides, "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rules 41.02 and 65.04(6)." Tenn. R. Civ. P. 52.01. However, even in cases where Rule 52.01 does not apply, this Court may deem it necessary to remand for findings of fact and conclusions of law if we cannot ascertain the basis for the trial court's ruling. For instance, in *Buckingham v. Tennessee Department of Corrections*, No. E2020-01541-COA-R3-CV, 2021 WL 2156445, at *3 (Tenn. Ct. App. May 27, 2021), we explained:

> We acknowledge that findings of fact and conclusions of law are not required in resolving Tennessee Rule of Civil Procedure 12.02 motions to dismiss. *See* Tenn. R. Civ. P. 52.01 ("Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rules 41.02 and 65.04(6)"). In this case, however, appellate review is hampered because the trial court's order does not apply any legal standard or contain legal conclusions regarding the sufficiency of the complaint or provide any reasoning for the dismissal. This Court has previously vacated a trial court's Rule 12.02 dismissal where the order of dismissal did not sufficiently explain the basis for the dismissal. *Huggins v. McKee*, No. E2014-00726-COA-R3-CV, 2015 WL 866437 (Tenn. Ct. App. Feb. 27, 2015). Because nothing in this record explains which of Mr. Buckingham's claims were dismissed and why, we vacate the trial court's dismissal of Mr. Buckingham's complaint against Defendants.

We "remanded for entry of an order setting forth the appropriate legal standard and reasons in support of the trial court's decision." *Id. See also Matter of Conservatorship of Tapp*, No. W2021-00718-COA-R3-CV, 2023 WL 1957540, at *5 n.2 (Tenn. Ct. App. Feb. 13, 2023) (quoting *Crenshaw v. Kado*, No. E2020-00282-COA-R3-CV, 2021 WL 2473820, at *6 (Tenn. Ct. App. June 17, 2021)) ("[A] trial court's failure to provide any legal basis for its dismissal o[n] a Rule 12.02 motion to dismiss can hamper this Court's ability to review the dismissal on appeal."); *Howard v. Howard*, No. E2022-01385-COA-R3-CV, 2023 WL 6465223, at *4 (Tenn. Ct. App. Oct. 4, 2023) (quoting *Parimore v. Parimore*, No. W2016-01188-COA-R3-CV, 2017 WL 657771, at *4 (Tenn. Ct. App. Feb. 17, 2017)) ("We concede that the express language of Rule 60.02 places no affirmative duty on the trial court to make findings of fact or conclusions of law in disposing of a Rule 60.02 motion. However, this Court has previously indicated that, with respect to a Rule 60.02 motion, we are 'unable to adequately review' a trial court's discretionary decision and provide the appropriate amount of deference to that decision when the trial court fails to make appropriate findings of fact and conclusions of law.").

Thus, this Court has explained:

> Although "[f]indings of fact and conclusions of law are unnecessary on decisions of motions," Tenn. R. Civ. P. 52.01, "[w]e are a reviewing court." *Jackson v. Smith*, No. W2011-00194-COA-R3-CV, 2011 WL 3963589, at *11 (Tenn. Ct. App. Sept. 9, 2011). As such, a trial court's order must contain enough information "to disclose . . . the steps by which the trial court reached its ultimate conclusion . . . ." *In re Estate of Oakley*, No. M2014-00341-COA[-]R3-CV, 2015 WL 572747, at *11 (Tenn. Ct. App. Feb. 10, 2015) (quoting *Lovlace v. Copley*, 418 S.W.3d 1, 35 (Tenn. 2013)).

*L. Offs. of T. Robert Hill PC v. Cobb*, No. W2020-01380-COA-R3-CV, 2021 WL 2172981, at *10 (Tenn. Ct. App. May 27, 2021); *see also Regions Bank v. Blumberg Tr.*, No. E2020-00051-COA-R3-CV, 2020 WL 4919783, at *3 (Tenn. Ct. App. Aug. 21, 2020). In this case, the chancery court's order setting aside the tax sale did not apply any legal standard or contain legal conclusions providing any reasoning for its decision.

We note that both parties on appeal interpret the trial court's order as holding that the preemptive bid process utilized in this case pursuant to Tennessee Code Annotated section 13-30-110(f)(1) and (2) was unconstitutional. However, we must be "mindful of the well-settled principle not to decide constitutional challenges unless the resolution of that question 'is absolutely necessary to determining the issues in the case and adjudicating the rights of the parties.'" *Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, No. M2010-02093-SC-R3-WC, 2011 WL 3758562, at *4 (Tenn. Aug. 25, 2011) (quoting *Waters v. Farr*, 291 S.W.3d 873, 882 (Tenn. 2009)).

During oral argument before this Court, members of the panel also questioned the attorneys regarding whether the Tennessee Attorney General received notice of any constitutional challenge in this case, and counsel confirmed the Attorney General did not. As a result, on remand, the trial court must also consider the applicability of Tennessee Rule of Civil Procedure 24.04. *See In re Adoption of E.N.R.*, 42 S.W.3d 26, 33 (Tenn. 2001) (explaining that where the Rule applies, "the *court* is required, pursuant to Tenn. R. Civ. P. 24.04, to ensure that notice of the constitutional challenge has been provided to the Office of the Attorney General," as "the trial court sits as gatekeeper to inquire whether notice has been provided to the Attorney General by the challenger and to suspend proceeding on the constitutional challenge until such notice has been provided and a response from the Attorney General received"). In addition, Blight Authority of Memphis may present any arguments pertaining to Tennessee Code Annotated section 20-18-101 on remand.

## IV. CONCLUSION

For the aforementioned reasons, the decision of the chancery court is hereby vacated and remanded for further proceedings consistent with this opinion. Costs of this appeal are

taxed equally to the appellant, Blight Authority of Memphis, and to the appellee, Shelby County, for which execution may issue if necessary.

_____
CARMA DENNIS MᶜGEE, JUDGE